UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TIMOTHY CRAWFORD,                                    Case No. 2:23-cv-01018-MTK

                Plaintiff,                    **OPINION AND ORDER**

        v.

O.D.O.C.; (First Name Unknown)
WASHBURN; (First Name Unknown)
BETENCOURT; in official & individual
capacities,

                Defendants.

_____

KASUBHAI, District Judge.

      Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections (ODOC),

brought this civil rights action pursuant to 42 U.S.C. § 1983 and alleged that Sgt. Washburn used

excessive force against him in violation of the Eighth Amendment and that Sgt. Washburn and

Officer Espinoza (formerly Betancourt)[1] burdened the exercise of his religion in violation of the

First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

---

[1] *See* Espinoza Decl. ¶ 2 ("At that time of the alleged incidents, I went by my maiden name of Betancourt.") (ECF No. 46).

Defendants now move for summary judgment. Plaintiff fails to raise a genuine issue of material fact to defeat summary judgment, and Defendants' motion is GRANTED.

## BACKGROUND

On October 12, 2021, Plaintiff assaulted another AIC at Two Rivers Correctional Institution (TRCI) and was taken to the Disciplinary Segregation Unit (DSU). Washburn Decl. ¶ 5 (ECF No. 45). When transferred to DSU, AICs must relinquish their personal property for inventory and possible storage, as AICs are generally not permitted to possess personal property while housed in DSU. *Id.* ¶ 7. Religious items are excepted from this rule and are returned to AICs at the completion of the DSU intake process. *Id.*

According to Sgt. Washburn, Plaintiff was agitated when he entered DSU and refused to relinquish his necklaces adorned with religious medallions. *Id.* ¶ 10. Plaintiff eventually gave officers the necklace chains but refused to give up his lionhead and Thor's hammer medallions. *Id.*; Pl.'s Response to Mot. Summ. J. at 12 (ECF No. 49). Plaintiff alleges that, at some point, Sgt. Washburn "yanked" on a tether attached to handcuffs around Plaintiff's wrists and pulled Plaintiff's hands through a "tray port" in the cell door, resulting in cuts to the tops of his hands. Pl.'s Response at 11-12.

Plaintiff also refused to remove beads in his hair, which were considered contraband, and Sgt. Washburn informed Plaintiff that officers would employ a "planned use of force" if Plaintiff did not remove them. Washburn Decl. ¶ 11-12. Plaintiff removed some beads and apparently gave his medallions to Sgt. Washburn. *Id.* ¶ 13; Pl.'s Response at 17 (stating that Plaintiff dropped the "pendants in a bag" at Sgt. Washburn's direction). After Plaintiff finished the DSU

- 2 -    **OPINION AND ORDER**

intake process, Sgt. Washburn placed Plaintiff on "close supervision" for several days. Washburn Decl. ¶ 14-16.[2]

On February 9, 2022, Officer Espinoza noticed that Plaintiff was wearing multiple necklaces and medallions outside of his shirt. Espinoza Decl. ¶ 6. Under prison rules, AICs may wear one necklace and up to three medallions on a necklace chain, and the necklace must be worn underneath the AIC's clothing. *Id.* ¶ 7.

Officer Espinoza instructed Plaintiff to remove his necklaces and medallions so that she could inspect them. *Id.* ¶ 8. Officer Espinoza inspected the necklaces and confirmed with TRCI Religious Services that Plaintiff was authorized to wear them. *Id.* Officer Espinoza then returned Plaintiff's necklaces and medallions to his unit. *Id.*

On March 6, 2022, Officer Espinoza again observed that Plaintiff was wearing his necklaces and medallions outside of his clothing, and she instructed Plaintiff to tuck the necklaces inside of his shirt. Espinoza Decl. ¶ 9. A few hours later, Officer Espinoza saw that Plaintiff had not followed her instructions and was still wearing the necklaces outside of his clothing. Officer Espinoza issued a conduct order based on Plaintiff's failure to follow her instructions and sanctioned him with a twenty-four hour cell-in. *Id.* ¶ 10. Plaintiff later filed a grievance regarding Officer Espinoza's conduct order.

## DISCUSSION

Plaintiff alleges that Sgt. Washburn used excessive force against him by yanking Plaintiff's hands through a tray port after Plaintiff refused to relinquish his medallions. Plaintiff further alleges that Sgt. Washburn and Officer Espinoza violated his right to freely exercise his

---

[2] The Court previously dismissed due process and privacy claims related to Plaintiff's placement on close supervision. *See* Order dated February 15, 2024 (ECF No. 14).

- 3 -    **OPINION AND ORDER**

religion by forcing Plaintiff to relinquish his religious medallions, and that Officer Espinoza retaliated against Plaintiff for exercising his religious beliefs or engaging in otherwise protected conduct.

Defendants move for summary judgment on all claims. To prevail on their motion, Defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants must present evidence of record, together with affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If Defendants meet this burden, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(c)(1).

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec*, 475 U.S. at 587 (citation and quotation marks omitted).

Because Plaintiff is a self-presented AIC, the Court construes his filings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, this does not relieve Plaintiff from his "obligation to show a genuine issue of material fact for trial through the presentation of

- 4 -    **OPINION AND ORDER**

specific, admissible evidence." *Epling v. Komathy*, 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011).

## A.  __Use of Excessive Force__

When prison officials are accused of using excessive force, a court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (to sustain an excessive force claim, the plaintiff must present evidence that the defendant applied force "maliciously and sadistically for the very purpose of causing harm"). The alleged use of force cannot occur due to mistake or negligence, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In making this determination, a court may consider: 1) the need for the use of force; 2) the relationship between the need for force and the force used; 3) any threat "reasonably perceived" by prison officials; 4) the efforts made to temper a forceful response; and 5) the extent of the plaintiff's injuries. *Hudson,* 503 U.S. at 7.

Sgt. Washburn denies Plaintiff's allegation that he yanked on a strap attached to handcuffs around Plaintiff's wrists.[3] Washburn Decl. ¶ 25. Even if the Court accepts Plaintiff's allegation, he fails to present evidence showing that alleged use of force was excessive, malicious, and inflicted with the intent to cause harm.

Plaintiff essentially claims that Sgt. Washburn roughly pulled his hands through a tray port after Plaintiff refused Sgt. Washburn's repeated instruction to relinquish his medallions for

---

[3] Plaintiff also alleges that Sgt. Washburn did not follow ODOC rules during the intake process regarding the use of force. Pl.'s Response at 6-7. However, violating a state regulation cannot sustain a federal claim under § 1983.

inspection and inventory. These facts do not implicate the malicious use of excessive force that rises to the level of a constitutional violation. *See Hudson*, 503 U.S. at 9-10 (explaining that "the prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'") (citations omitted); *Lyons v. Leonhardt*, 407 Fed. App'x 162, 165 (9th Cir. Dec. 27, 2010) (finding no use of excessive force when correctional officers "applied handcuffs tightly, pulled [the plaintiff] quickly from the floor to his feet, moved him to a different room, and seated him roughly in a chair").

Further, Plaintiff presents no evidence of any injury or medical treatment for cuts on his hands, even though he sought medical care for minor issues such as dandruff and foot pain. *See* Brace Decl. Ex. C at 7-8 (ECF No. 47). While the determination of excessive force rests primarily "on the nature of the force," the "extent of injury may also provide some indication of the amount of force applied." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (stating that "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim"). Here, Plaintiff presents "not a single item of objective evidence (medical report, photographs of bruising, or the like) to support the assertion that the officer used unreasonable force." *Epling*, 2011 WL 13142131, at *2.

Based on this record, Plaintiff fails to raise a genuine issue of fact to defeat summary judgment on his claim of excessive force.

**B.  Free Exercise of Religion**

Plaintiff next alleges that Sgt. Washburn and Officer Espinoza forced Plaintiff to remove his religious medallions in violation of his right to the free exercise of religion protected by the First Amendment and RLUIPA.

To sustain these claims, Plaintiff bears the initial burden of demonstrating that Defendants' conduct constituted a "substantial burden" on the exercise of his religion. *See Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); 42 U.S.C. §§ 2000cc-1, 2000cc-2(b). A substantial burden must do more than "inconvenience" a religious exercise; "it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations omitted). If Plaintiff meets this initial burden, the burden then shifts to Defendants to show that requiring Plaintiff to relinquish his medallions was reasonably related to legitimate penological interests, *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008), or, under RLUIPA, the "least restrictive means" of furthering a "compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2).

Plaintiff does not argue that Sgt. Washburn and Officer Espinoza coerced him into violating his religious beliefs or pressured him to do so by requiring the temporary relinquishment or removal of his medallions.[4] Rather, Plaintiff simply challenges any requirement to relinquish his medallions, no matter how brief, and claims that Officer Espinoza failed to wear gloves while handling his medallions. *See* Pl.'s Response at 10, 17-18. However, Plaintiff presents no evidence showing how the brief relinquishment of his medallions or the failure to wear gloves imposed a substantial burden on the exercise of his religious beliefs.

To the extent Plaintiff asserts a facial challenge to rules requiring inventory of personal property in DSU or wearing religious adornments inside of clothing, Plaintiff likewise fails to present any evidence showing that enforcing these rules substantially burdens the exercise of his

---

[4] Plaintiff alleges that Officer Espinoza violated ODOC rules when she did not wear gloves or place his medallions in a bag. Pl.'s Response at 10, 17-18. As noted above, the alleged failure to follow state regulations cannot support a federal claim.

**OPINION AND ORDER**

religion. Accordingly, summary judgment is granted on Plaintiff's First Amendment and RLUIPA claims.

### C.  Retaliation Claims

Finally, Plaintiff alleges that Officer Espinoza retaliated against him for asserting his religious rights and complaining about her conduct. To sustain a First Amendment retaliation claim, Plaintiff must establish five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff fails to present evidence that Officer Espinoza issued the conduct order because of his protected conduct. It is undisputed that Plaintiff repeatedly ignored her instructions to tuck his necklaces underneath his shirt and Officer Espinoza issued a conduct order for that reason. Officer Espinoza did not discipline Plaintiff because of his religious beliefs, and her enforcement of prison rules furthered a legitimate penological goal. Accordingly, Plaintiff cannot sustain a First Amendment retaliation claim.

### CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 44) is GRANTED, Plaintiff's Motion to Prevail (ECF No. 59) is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 1st day of July 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

- 8 -    **OPINION AND ORDER**